**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

ANGELA R. DAVIS,

        Plaintiff,

v.                                        CIVIL ACTION NO. 3:26-233

UNITED STATES OF AMERICA, acting through the
RURAL HOUSING SERVICE, UNITED STATES
DEPARTMENT OF AGRICULTURE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is the United States Department of Agriculture Rural Housing Service's

Motion to Dismiss (ECF No. 4, Def.'s Mot.). For the reasons stated below, the Court **GRANTS**

the Motion **in part** and **DENIES** the Motion **in part**.

**BACKGROUND**

For ruling on the Government's Motion, the Court assumes the following facts are true. In

1999, Plaintiff Angela R. Davis obtained a mortgage loan from the Rural Housing Service (RHS),

an agency of the Department of Agriculture (USDA), to finance the purchase of the land and

materials for her home. *See* ECF No. 1, Compl. ¶ 7. In February 2019, Ms. Davis lost her job due

to health problems. *See id.* ¶¶ 10–11. After losing her job, Plaintiff asked the RHS for a moratorium

on her mortgage payments. *Id.* ¶ 12. The RHS denied the request and initiated foreclosure. *Id.* ¶¶

14, 18. Ms. Davis then offered to pay $20,000 toward her outstanding balance, but the RHS refused

to accept the funds. *Id.* ¶¶ 22–23. The RHS scheduled a foreclosure sale but then canceled it. *See*

*id.* ¶¶ 26–27. After Ms. Davis received a back-pay award from the Social Security Administration,

she again offered to pay a lump sum on her mortgage loan. *See id.* ¶¶ 28–30. The RHS again rejected the offer. *See id.* ¶ 31. The RHS has refused to reamortize the loan or deem Ms. Davis eligible for a payment subsidy. *See id.* ¶ 32.

According to Ms. Davis's Complaint, the USDA has a regulation prohibiting the RHS from providing moratorium relief when a borrower's account has been accelerated. *See id.* ¶ 40 (citing 7 C.F.R. § 3550.207(a)(3)). Count I of the Complaint claims this regulation violates the Administrative Procedure Act (APA). *See id.* ¶¶ 38, 40–41. Count II alleges the RHS unlawfully deprived Ms. Davis of her property without due process by "fail[ing] to notify her of her right to post-acceleration moratorium relief and . . . refus[ing] to consider her for such relief." *Id.* ¶ 53; *see id.* ¶ 51. Count III asserts the RHS breached its contract with Plaintiff by failing to offer her moratorium relief. *See id.* ¶¶ 55–56, 59.

The Government filed a Motion to Dismiss. *See* Def.'s Mot. The Government claims the Court lacks subject-matter jurisdiction and that the Complaint fails to state a valid claim. *See* ECF No. 5, Def.'s Mem. 2.

### LEGAL STANDARD

**A. Dismissal for Lack of Subject Matter Jurisdiction**

"Subject matter jurisdiction defines the court's authority to hear a given type of case . . . ." *Carsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). A party may move to dismiss a case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). A 12(b)(1) motion can take two different forms:

> A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. On the other hand, a "factual attack" challenges

the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."

*Adkins v. United States*, 923 F. Supp. 2d 853, 856–57 (S.D. W. Va. 2013) (internal citations omitted) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Here, the Government is raising a factual attack, as it has supported its motions with material outside the pleadings. *See generally* Def.'s Mot., Attach. 1; Def.'s Mot. Exs. A–G.

**B. Dismissal for Failure to State a Claim**

A party may move to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## ANALYSIS

The Government argues Plaintiff's complaint should be dismissed because (1) Ms. Davis failed to exhaust administrative remedies and (2) the Government is immune from Ms. Davis's claims. *See* Def.'s Mem. 2. The Court addresses each argument in turn.

### A. Exhaustion

The Government argues the Court should dismiss Ms. Davis's claims because she failed to exhaust administrative remedies before filing her Complaint. *See id.*

7 U.S.C. § 6912(e) provides:

Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against—

(1) the Secretary [of Agriculture];

(2) the Department [of Agriculture]; or

(3) an agency, office, officer, or employee of the Department.[1]

*See* 7 U.S.C. § 6902(1), (3) (defining "Secretary" and "Department"). According to RHS Analyst Mirian Jackson, Ms. Davis "made no requests for a hearing or exercised any [appeal] rights . . . ." Def.'s Mot., Attach. 1, at 2.

Plaintiff does not claim she sought administrative relief before filing her Complaint. Instead, she contends § 6912(e)'s exhaustion requirement does not apply to challenges to agency regulations. *See* ECF No. 8, Pl.'s Resp. 8. In support of this argument, she cites two federal regulations: 7 C.F.R. §§ 11.3(b) and 11.6(a)(2).[2] *See id.*

7 C.F.R. § 11.3(b) provides that the USDA's National Appeals Division "may not be used to seek review of statutes or USDA regulations issued under Federal Law." 7 C.F.R. § 16(a)(2), meanwhile, indicates "matter[s] of general applicability" are "not subject to appeal . . . ."

---

[1] "Federal courts of appeals are divided over whether the exhaustion requirement in 7 U.S.C. § 6912(e) is jurisdictional." *Les Anciens D Une Eglise En Les Chambres Compagie v. USDA*, No. 2:15-CV-2, 2018 WL 1279288, at *3 (Mar. 12, 2018). But "[r]egardless of whether the exhaustion requirement in section 6912(e) is jurisdictional, it is 'mandatory.'" *Id.* (quoting *Forest Guardians v. U.S. Forest Serv.*, 641 F.3d 423, 432 (10th Cir. 2011)).

[2] In its Reply, the Government characterizes Plaintiff's argument as "extraordinary" and notes that she fails to support the argument with case law. *See* ECF No. 9, at 2. But the Government fails to address the regulations Plaintiff cites. The Court is troubled by the Government's deficient briefing.

Here, resolving Plaintiff's claims would require the National Appeals Division to review a regulation. Count I challenges a regulation directly, *see* Compl. ¶¶ 40–41, and Counts II and III are premised on that regulation's unlawfulness, *see id.* ¶¶ 53, 56. Since 7 C.F.R. § 11.3(b) prohibits the Division from reviewing a regulation, there are no administrative remedies available to Ms. Davis. Plaintiff has exhausted administrative remedies.

### B. Sovereign Immunity

The Government also asserts it is immune from Plaintiff's claims. *See* Def.'s Mem. 2.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity deprives a court of jurisdiction." *United States v. Jones*, 225 F.3d 468, 469 (4th Cir. 2000).

In her Complaint, Ms. Davis states the Court has jurisdiction over her claims "under the Administrative Procedure Act pursuant to 28 U.S.C. § 1331." Compl. ¶ 2. But as the Government correctly points out, § 1331 "is not a general waiver of sovereign immunity . . . ." Def.'s Mem. 8 (quoting *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996)).

In her Response, Ms. Davis argues 5 U.S.C. § 702 and 28 U.S.C. § 1346 waive the government's sovereign immunity with respect to her claims. *See* Pl.'s Resp. 9.

5 U.S.C. § 702 provides that "[t]he United States may be named as a defendant in" an action "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority . . . ."

The Government seems to argue it retains sovereign immunity despite § 702 because Ms. Davis failed to expressly identify § 702 as a basis for the Court's jurisdiction in her Complaint.

*See* Def.'s Mem. 5; ECF No. 9, Def.'s Reply 3. But the Government "fails to cite any case law in support of this . . . proposition," Def.'s Reply 2.

The Government also argues that, even if § 702 waives sovereign immunity with respect to Count I, it does not waive immunity with respect to Counts II and III. *See* Def.'s Mem. 9. It further argues the Government retains immunity with respect to Plaintiff's requests for damages. *See id.* at 8.

In response, Ms. Davis points out that "the APA's waiver of sovereign immunity for equitable relief is not limited to suits under the APA . . . ."[3] Pl.'s Resp. 9. While Ms. Davis is correct, *see Standage v. Braithwaite*, 526 F. Supp. 3d 56, 86 (D. Md. 2021) ("[T]he § 702 waiver encompasses . . . claims arising under non-APA authority."), § 702 does not waive immunity for damages claims, *see* 5 U.S.C. § 702.[4]

Unlike § 702, § 1346 allows plaintiffs to recover monetary damages.[5] *See Garner v. U.S. Dep't of Homeland Sec.*, No. 4:21-cv-00064, 2022 WL 126691, at *2 (E.D.N.C. Jan. 12, 2022). Section 1346 "does not," however, "authorize claims that seek primarily equitable relief." *King v. Burwell*, 529 F.3d 358, 367 (4th Cir. 2014), *aff'd*, 576 U.S. 473 (2015) (quoting *Berman v. United States*, 264 F.3d 16, 21 (1st Cir. 2011)).

As currently pleaded, all three Counts are seeking primarily equitable relief. In each Count, the prayer for equitable relief is more detailed than the request for compensatory damages. *See* Compl. ¶¶ 48, 53, 59. Further, the first paragraph of the Complaint says Ms. Davis is "bring[ing]

---

[3] The Government's Reply does not address this argument. *See* Def.'s Reply 3–4.

[4] Plaintiff seems to argue her prayers for monetary relief should survive because § 702 allows for the "recovery of specific . . . monies . . . ." Pl.'s Resp. 9 (emphasis in original omitted) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988)). But Plaintiff requests "[c]ompensatory damages," Compl. ¶¶ 48, 53, 59, which are not "specific monies."

[5] The Government's Reply does not address Plaintiff's argument that 28 U.S.C. § 1346 waives the government's sovereign immunity with respect to her claims. *See* Def.'s Reply 3–4.

this action to save her home from foreclosure . . . ." *Id.* ¶ 1; *see* Pl.'s Resp. 2 (same). Accordingly, § 1346 does not apply, and Defendant is immune from Plaintiff's requests for damages.

Counts I and II seek "costs[] and reasonable attorney's fees" in addition to damages. Compl. ¶¶ 48, 59. Since Plaintiff has failed to identify any waiver of sovereign immunity for an award of fees and costs, the Court will also dismiss those requests. *See Lancaster v. Sec'y of Navy*, 109 F.4th 283, 293 (4th Cir. 2024) ("[I]t is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists . . . ." (quoting *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005))).

## CONCLUSION

The Court **GRANTS in part** and **DENIES in part** the United States Department of Agriculture Rural Housing Service's Motion to Dismiss (ECF No. 4). The Court **DISMISSES** the Complaint's requests for compensatory damages, costs, and attorneys' fees **without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:      July 7, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE